IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR580 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| SHAWN R. MARSHALL, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Daniel J. Riedl, Assistant United States Attorney, and hereby submits this sentencing memorandum setting forth the United States' position regarding sentencing for Defendant Shawn R. Marshall. For the reasons set forth below, and those to be articulated at the sentencing hearing, the United States respectfully submits that a sentence of 60 months is appropriate in this case. The government argues that the advisory United States Sentencing Guidelines range of 30 to 37 months of imprisonment underrepresents the severity of Marshall's conduct and history, and that an upward variance from the advisory guideline range is appropriate.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

While incarcerated with the Ohio Department of Rehabilitations and Corrections, Defendant Shawn R. Marshall ("Marshall") mailed a letter via the U.S. Postal Service to the Akron Municipal Court in Akron, Ohio. The letter, delivered on approximately April 18, 2016, contained the following statement: "After I get out shortly, I look forward to strapping a bomb to my body and walking into your municipal courthouse and being America's first suicide

bomber." The letter was signed, "a servant of ISIS." Following the word "ISIS" was a spot of blood. The blood was submitted for DNA analysis, and was determined to be Marshall's. Handwriting analysis also concluded that Marshall wrote the letter. Upon being interviewed, Marshall admitted to writing and sending the letter, and intentionally placing a drop of his own blood on the letter. On September 19, 2019, Marshall executed a written plea agreement, and pled guilty to one count of Mailing Threatening Communications, in violation of Title 18, United States Code, Section 876(c) (Count 1).

## II. LAW AND ARGUMENT

The applicable statutory maximum sentence for Marshall's conviction for Mailing Threatening Communications is 5 years, pursuant to Title 18, United States Code, Section 876(c). The correct calculation of the advisory United States Sentencing Guidelines results in a range of 30 to 37 months imprisonment. "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range." Gall v. United States, 552 U.S. 38, 49 (2007). Appellate courts must review a district court's sentence for procedural and substantive reasonableness. Id. at 51. Although the Guidelines are advisory, appellate courts may apply a presumption of reasonableness to a sentence that falls within the Guideline range. Id.

The United States agrees with the calculations set forth in the final Presentence Investigation Report ("PSR"), but believes that an upward variance is appropriate for the reasons set forth below. The government requests that the Court sentence Marshall to the statutory maximum 60 months imprisonment in light of the sentencing factors enumerated under 18 U.S.C. § 3553(a), addressed below.

  A. <u>ADVISORY GUIDELINES CALCULATION</u>

A final PSR was filed on December 10, 2019, finding a final total offense level of 17, and a Criminal History Category III, for a guideline range of 30 to 37 months. (R. 13: **SEALED** PSR, PageID 49). The government has no objections to the PSR, as it correctly calculates the advisory sentencing guidelines range. First, the report calculates a total offense level of 17. This results from a base offense level of 12 pursuant to U.S.S.G. § 2A6.1(a)(1); a 2 level enhancement under § 2A6.1(b)(2)(A) since the offense involved more than two threats (two threatening letters, one mailed to the Akron Municipal Court, and one to the Ohio Supreme Court); and a 6 level Official Victim enhancement under § 3A1.2(b). (<u>Id.</u>, PageID 41). A three-point reduction for acceptance of responsibility yields a total offense level of 17. (<u>Id.</u>, PageID 42). Finally, Marshall's Criminal History Category is properly determined to be III. (<u>Id.</u>, PageID 46).

With a total offense level of 17 and Criminal History Category of III, Marshall's range calculates to 30 to 37 months imprisonment. (<u>Id.</u>, PageID 49). The statutory maximum sentence for Marshall's count of conviction is 5 years. (<u>Id.</u>); 18 U.S.C. 876(c).

  B. <u>TITLE 18, UNITED STATES CODE, SECTION 3553(a) FACTORS</u>

Based on the calculations described herein, as well as the recommended guidelines range from the final PSR, the government submits that the correct guidelines range is 30 to 37 months imprisonment. But a sentence within this range is not sufficient to comply with the factors listed in 18 U.S.C. § 3553(a). As the Court is well aware, in determining the particular sentence to be imposed, the Court must consider:

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed -
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentences and the sentencing range . . . ;
 (5) any pertinent policy statement . . . ;
 (6) the need to avoid unwarranted sentencing disparities among defendants with similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Although the Court must consider all of these factors, in this case, the most pertinent are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public, and the sentencing range established by the sentencing guidelines.

      1.  <u>The Nature and Circumstances of the Offense</u>

  First, the nature and circumstances of the offense supports a sentence of 60 months. The PSR provides a thorough and detailed description of the relevant conduct in this case that need not be repeated in full here. Indeed, the nature and circumstances of the offenses are serious and weigh heavily against Marshall. The targets of Marshall's threatening communications are all employed as public servants. By threatening to bomb the Akron Municipal Courthouse, and "rape and kill any female Judges" of the Ohio Supreme Court, not only did Marshall interfere with the lives of those courthouse employees, he interfered with the administration of justice. Moreover, Marshall included blood and seminal fluid in the threatening communications, posing a serious public health risk.

      2.  <u>The History and Characteristics of the Defendant</u>

  The Court should also consider Marshall's personal history and characteristics. Marshall has an extensive criminal history, and has been incarcerated for much of his adult life. (R. 13: **SEALED** PSR, PageID 42-46, 48). Marshall's criminal history began when he was 20 years old. According to the PSR, Marshall has a total of five convictions, including kidnapping,

4

rape, and multiple convictions for domestic violence. (Id., PageID 42-44). This extensive, violent criminal history shows a total disregard for the law and others.

Marshall has also amassed an extensive disciplinary record since beginning the term of imprisonment on his kidnapping and rape convictions. Incidents include making threatening oral and written communications, throwing feces and urine, and fighting. (Id., PageID 44-46).

### 3. The Need to Protect the Public

Marshall is dangerous. This is demonstrated by his long-term inability to control his violent outbursts and behaviors, even while incarcerated.

### 4. The Applicable Sentencing Guidelines Range

The Court must consider—indeed, must start with—the advisory sentencing range determined by the application of the United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(4); Gall, 552 U.S. at 49-50. As outlined in the PSR, the sentencing guidelines call for a sentence of 30 to 37 months. There is ample reason for the Court to find that this sentence is insufficient to satisfy the § 3553(a) factors and to vary upwards from this sentence. There are no mitigating factors that would support a downward variance and, as discussed above, many aggravating factors that support an upward variance. Marshall should therefore be sentenced to an above-guideline sentence.

5

### III.    CONCLUSION

Based on consideration of the advisory sentencing guidelines range and the Section 3553(a) factors identified above, the government respectfully requests this Court sentence Marshall to sixty (60) months imprisonment.

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

By:   /s/ Daniel J. Riedl
       Daniel J. Riedl (OH: 0076798)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3669
       (216) 685-2378 (facsimile)
       Daniel.Riedl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Daniel J. Riedl
Daniel J. Riedl
Assistant U.S. Attorney

7