# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 5:18CR580-01 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER |
| VS | ) | |
| | ) | **SENTENCING** |
| SHAWN MARSHALL | ) | **MEMORANDUM** |
| | ) | |
| Defendant | ) | |

Now comes the Defendant, SHAWN R. MARSHALL and by and through counsel, submits the following as his sentencing memorandum in the instant case and asks the Court to consider it in the imposition of sentence which is set for hearing on February 3, 2020 in this Court. An initial Pre Sentence Investigation Report was done and filed on December 9, 2019. The final revised report was submitted on January 20, 2020 due to problems with the Pre Sentence Investigation department being able to retrieve certain prison records of Mr. Marshall which were not available earlier. Counsel offer his apologies to the Court for the lateness of this memorandum but has had only 7 days to date to start preparing it.

Mr. Marshall is a 39 year old man who has spent the last 15 years in the Ohio State Penal System for a serious crime. He was at no time in that 15 year period outside of prison walls. The instant offense in this instance occurred while he was incarcerated and involved his sending threatening communications by mail to the Akron Municipal Court. All of those facts are admitted. He has pleaded guilty to a one count indictment 18 USC 876(c),to wit; Mailing Threatening Communications. That

indictment refers to one letter. In that letter, he threatened to blow up the Akron Municipal Court and. The threatening letter were written and sent on April 14, 2016 **He was indicted two years later** on October 11, 2018.

2. Plea Agreement and Sentencing Options.

Mr. Marshall is party to a plea agreement with the government. It contains no recommendation as to a particular sentence or sentencing range but does indicate an agreed offense level of 20, which after timely plea would be a 17.Though no sentencing range had been agreed to the agreement has it set at 17 which would carry a specific sentencing range. (See Plea Agreement at p.4 and PSR at paragraph 33) His criminal history is given as a III which is based on an entire criminal history of one offense-for which he served over 15 years to date. The additional two criminal history points are based solely on the fact that he committed the instant offense while under a criminal justice sentence. Otherwise, his criminal history consists of the rape/ kidnapping which occurred 18 years ago. He is, pursuant to the PSR computation at an offense level of 17 in Criminal History of III carrying a sentencing range of 30-37 months.

3. Psychological Evaluation/Adjustment to Institutionalization

Mr. Marshal has had a difficult time in prison. As a result, he has amassed numerous violations of various degrees of seriousness, two of which resulted in the instant offense. The evaluation noted that he suffered from Borderline Personality Disorder, Antisocial Personality Disorder and Alcohol Abuse Disorder, The report noted (p. 10) that he has also been

previously diagnosed with Bipolar Disorder. Three of the four of these diagnoses all seem to have manifested during his incarceration. He has indicated that he was finally making great progress psychologically while in Warren Correctional Facility and the records back this up. It was, however at that time that he was taken from the Warren Facility and placed in federal custody. At that time all progress stopped. The question might reasonably be asked as to how did he commit the present offenses if he was making progress. The answer is simple. The government did not bring the federal charges until two years after they occurred. In the long list of institutional offenses included in the PSR, it is stunning that all of his violations were almost constant until he got to Warren Correctional. Then, as one can see from the list provided by the PSR, his offenses abruptly stop. It was at Warren Correctional that Mr. Marshall reported progress and the records supplied to the Court refer to those records which were provided to the forensic facility in North Carolina where the Court sent the defendant for evaluation.

4. Variance

It is acknowledged that the adjusted offense level of 20 in the instant case is based partially on 2A6.(1)(b)(2), to wit; that there was more than one threat. The first was dated April 18, 2016 and addressed to the Akron Municipal Court. It was the subject of the instant one count indictment. The "second threat" was the threat to the Ohio Supreme Court by letter dated June 3, 2016 and carries certain threatening language. This language and date are the subject of a second indictment currently pending in

the Southern District of Ohio in a indictment under the case number of 2:18 CR 255. Counsel submits that both references herein are the same single letter. In fact, that letter constitutes the entirety of Count 2 of that indictment in the Southern District. As that count is yet unproven, Mr. Marshall, as the Defendant in that case, is innocent. To use it against him in the instant case to enhance his offense level is unconstitutional in that is a denial of due process and imposes punishment for an act of which he is currently innocent.

Defendant submits that the 2 point enhancement of more than 2 threats should not be imposed and that the offense level should be reduced by that number. He should be therefore sentenced at a level of 18 minus 3 for acceptance resulting in total offense level of 15 rather than 17. As a result, his sentencing level should be 24-30 months rather than 30-37 months.

4. Conclusion

If the Court decides to deny the requested variance, Mr. Marshall asks that the Court consider the following. It is conceded that Mr. Marshall has committed a serious crime for which he has completed his time. He has committed the instant offense and has admitted to that as well. He asks at this time that the Court sentence him to the lower end of the sentencing range of 30-37 months which is a 30 month sentence. Mr. Marshall asks the Court consider this sentencing based on the arguments above regarding his psychological evaluation, the fact that he has spent nearly his entire adult life in prison and the fact that he is being punished twice for the same act.

Finally, Mr. Marshall asks that any sentence imposed to ordered to run concurrently with Case Number 2:18CR255.

Respectfully Submitted:

 /s/ Lawrence L. Delino, Jr.
LAWRENCE L. DELINO, JR. #0024711
Attorney for Defendant
137 South Main # 204
Akron, Ohio 44308
330-535-9330

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2020, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's filing system.

 /s/ Lawrence L. Delino, Jr.
LAWRENCE L. DELINO, JR. #0024711
Attorney for Defendant